**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARRY LOUIS BOWLES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:14-cv-2273** |
| | § | |
| **TOM PEACOCK NISSAN/CADILLAC,** | § | |
| **INC. AND U.S. BANK, N.A,** | § | |
| | § | |
| **Defendants.** | § | |

---

## NOTICE OF REMOVAL

---

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331 and 1446, Defendant U.S. Bank National Association ("U.S. Bank") removes this action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## STATE COURT ACTION

1.      On May 13, 2014, Plaintiff Harry Louis Bowles ("Plaintiff") filed an Original Petition, Request for Admissions, Disclosure, Interrogatories, and Request for Production (the "Original Petition") in the 334th Judicial District Court of Harris County, Texas in an action styled: *Harry Louis Bowles v. Tom Peacock Cadillac Corp. and U.S. Bank, N.A.*, Cause No. 2014-2713 (the "State Court Action").  Thereafter, on July 27, 2014, Plaintiff filed a First Ammended[sic] Original Petition, Request for Admissions, Disclosure, Interrogatories, and Request for Production (the "Amended Petition") in the State Court Action.

2.      In the State Court Action, Plaintiff asserts federal and state law causes of action against U.S. Bank and Defendant Tom Peacock Nissan/Cadillac, Inc. ("Peacock") arising from

his lease of a vehicle and subsequent purported erroneous charges relating thereto.  Specifically, Plaintiff alleges that he leased a vehicle from Peacock, which sold the lease to U.S. Bank unbeknownst to him.  *See* Amended Petition ¶ D.4.  Plaintiff contends that U.S. Bank advised him that he was late on his lease payments, but at that time, he had yet to receive any billing statements from U.S. Bank.  *Id.*  In response, Plaintiff claims he sent a lease payment to U.S. Bank in the amount of $890.37 on December 4, 2013, but that U.S. Bank did not deposit the check until December 20, 2013, thereby causing late charges to be assessed to his account.  *Id.* Thereafter, Plaintiff alleges that he received a notice of dishonored check from U.S. Bank stating that his check in the amount of $559.58 dated November 22, 2013, drawn on Vista Bank and payable to U.S. Bank, had been dishonored due to a stop payment being placed on the check.  *Id.* The notice also advised Plaintiff that he had thirty days to tender payment in the full amount of the check plus a $20.00 service charge, totaling $579.58.  *Id.*  However, Plaintiff contends that he does not have an account with Vista Bank and that he never sent a check to U.S. Bank in the amount of $559.59.  *Id.*  Rather, Plaintiff claims that it was Peacock that issued the check and subsequently placed a stop payment on it.  *Id.*  Plaintiff further alleges that he received two billing statements from U.S. Bank for the January 2014 payment stating that he owed two different amounts for his January 2014 payment, but claims that he owed neither of these amounts.  *Id.*

3.      In response to the notice of dishonored check and billing statements, Plaintiff sent a letter to U.S. Bank explaining that he did not owe the amounts stated in the notice and billing statements.  *See* Amended Petition ¶ D.4, its Ex. F.  Plaintiff also demanded that he receive confirmation that his account is current, that all fraudulent charges have been removed from his account, and that no derogatory information had been furnished to any credit bureaus.  *Id.*

4.      By letter to Plaintiff dated January 13, 2014, U.S. Bank: (1) confirmed that the $559.58 check was issued in error by Peacock and that Peacock had requested a stop payment on the check; (2) explained that the reason Plaintiff received the notice of dishonored check was because the payment had already been posted to his account before the request to stop payment on the check was received; and (3) advised that, as of January 13, 2014, Plaintiff's account was current, in good standing with the credit bureaus, and his next payment was due on February 1, 2014. *Id.*, its Ex. G.

5.      Based on the above allegations, Plaintiff asserts claims for: (1) fraud; (2) gross negligence; (3) harassment; (4) slander; (5) defamation; (6) intentional infliction of emotional distress; (7) attempted extortion; (8) illegal threat of criminal prosecution; (9) falsification of credit reports; (10) violation of the Texas Deceptive Trade Practices-Consumer Protection Act; (11) mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343; (12) violation of 42 U.S.C. § 1983 ("Section 1983"); (13) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"); (14) violation of the Fair Credit Reporting Act, 15 U.S. C. 1681, *et seq.* (the "FCRA"); and (15) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(d)(1) and 1692e, *et seq.* (the "FDCPA").  *See* Amended Petition ¶¶ E.1-16.  Additionally, Plaintiff seeks actual and compensatory damages in an amount no less than $250,000.00, as well as treble, exemplary, and punitive damages. *Id.* ¶¶ F.5, G.6, and H.7

6.      U.S. Bank was served with citation and a copy of the Original Petition in this matter on July 15, 2014.  Before U.S. Bank's deadline to answer or otherwise respond to the Original Petition had lapsed, Plaintiff filed his Amended Petition on July 27, 2014.  U.S. Bank has not been properly served with a copy of the Amended Petition in this matter.  Therefore, this removal is timely under 28 U.S.C. § 1446(b).

7.     Peacock has consented to the removal of the State Court Action to the United States District Court for the Southern District of Texas, Houston Division.  *See* Ex. D.

8.     The United States District Court for the Southern District of Texas, Houston Division has jurisdiction over this action based on federal question jurisdiction because Plaintiff asserts claims arising under federal law in the State Court Action.  *See* 28 U.S.C. § 1331.

## II.
## PROCEDURAL REQUIREMENTS

9.     This action is properly removed to this Court, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

10.    Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following materials:

|  |  |
|---|---|
| **Exhibit A:** | Index of Matters Being Filed; |
| **Exhibit B:** | Civil Cover Sheet; |
| **Exhibit C:** | List of all counsel of record, including addresses, telephone numbers and parties represented; |
| **Exhibit D:** | Consent to Removal; |
| **Exhibit E:** | Harris County Docket Sheet; |
| **Exhibit F:** | Original Petition; |
| **Exhibit G:** | Civil Case Information Sheet; |
| **Exhibit H:** | Civil Process Request; |
| **Exhibit I:** | Civil Process Pick-Up Form; |
| **Exhibit J:** | Citation Corporate and Return (Peacock); |
| **Exhibit K:** | Citation Corporate and Certified Mail Return (U.S. Bank); |
| **Exhibit L:** | Peacock's Original Answer; |
| **Exhibit M:** | Amended Petition; and |

**Exhibit N:**     Docket Control Order.

11.     Simultaneously with the filing of this Notice of Removal, U.S. Bank is filing a copy of the Notice of Removal in the 334th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.
### FEDERAL QUESTION JURISDICTION

12.     The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).  A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

13.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the Constitution and laws of the United States.  Specifically, Plaintiff asserts claims for mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, as well as violations of Section 1983, TILA, FCRA, and FDCPA.  *See* Amended Petition ¶¶ E.1-16.  Notably, the TILA, FCRA, and FDCPA expressly grant this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1640(e) (any TILA action "may be brought in any United States district court . . . ."); 15 U.S.C. 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in

controversy . . . ."); 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . . ."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 451 (S.D. Tex. 2000) (finding it indisputable that a FDCPA claim gives rise to federal question jurisdiction).   Thus, Plaintiff alleges violations of federal law and his right to relief will necessarily depend upon the resolution of federal law.   Accordingly, this Court has federal question jurisdiction.

## IV.
## SUPPLEMENTAL JURISDICTION

14.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).   As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

15.     It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)).   This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806.   Here, Plaintiff's state law claims share a common nucleus of operative facts with the federal causes of action in that Plaintiff's claims are all based on the same alleged wrongful conduct related to the lease of the vehicle and subsequent purported erroneous charges relating

thereto.  *See* Amended Petition ¶ D.4.  Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

**V.**
**CONCLUSION**

WHEREFORE, U.S. Bank removes this action from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

 /s/    Jason L. Sanders
**Jason L. Sanders (Attorney-in-Charge)**
  State Bar No. 24037428
  S.D. Bar No. 597751
  jsanders@lockelord.com
**Marc D. Cabrera**
  State Bar No. 24069453
  S.D. Bar No. 1093318
  mcabrera@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR U.S. BANK**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record *via the Court's CM/ECF system and/or certified mail, return receipt requested* on this 8th day of August 2014.

 /s/    Marc D. Cabrera
Counsel for U.S. Bank